UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DISABILITY RIGHTS NEW YORK, <br><br> Plaintiff <br><br> v. <br><br> NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION, AND ANTHONY J. ANNUCCI, in his official capacity as the Acting Commissioner of the New York State Department of Corrections and Community Supervision, <br><br> Defendants. | **COMPLAINT** <br><br><br><br><br> Case No.  1:21-CV-739-GTS-CFH |

## I. INTRODUCTION

1.      Plaintiff Disability Rights New York ("DRNY"), the federally authorized and state-designated Protection and Advocacy system in the State of New York pursuant to N.Y. Exec. Law § 558(b), brings this action to enforce its rights under federal law to access records pursuant to the Developmental Disabilities Assistance and Bill of Rights Act of 2000 ("DD Act"), 42 U.S.C. § 15041 et seq.; the Protection and Advocacy for Individuals with Mental Illness Act of 1986 ("PAIMI Act"), 42 U.S.C. § 10801 et seq.; and the Protection and Advocacy for Assistive Technology Act of 2004 ("PAAT Act"), 29 U.S.C. 3001 et seq. (collectively, "P&A Acts").

2.      DRNY brings this action to enforce its authority under the P&A Acts to obtain records of those incarcerated individuals who have alleged or been the subject of abuse and neglect or rights violations and requested DRNY's assistance.

1

3. Defendants New York State Department of Corrections and Community Supervision ("DOCCS") and Anthony J. Annucci have refused to provide DRNY with access to the requested records pursuant to the P&A Acts and pertaining to DRNY clients in DOCCS' custody.

4. Defendants' actions interfere with DRNY's federal mandate to protect people with disabilities in New York State, investigate allegations of abuse and neglect, and provide legal advocacy.

5. DRNY seeks declaratory and injunctive relief to obtain access to records, as well as attorney's fees and costs.

## II. JURISDICTION AND VENUE

6. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

7. Plaintiff's cause of action arises under the PAIMI Act, 42 U.S.C. § 10801 et seq., DD Act, 42 U.S.C. § 15041 et seq.; and PAAT Act, 29 U.S.C. 3001 et seq.

8. This Court has the authority to grant declaratory and injunctive relief under 28 U.S.C. § 2201 and § 2202.

9. Venue is proper in the Northern District of New York under 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to the claims in this lawsuit occurred in this District.

## III. PARTIES
### A. Plaintiff

10. Disability Advocates, Inc. is an independent non-profit corporation organized under the laws of the State of New York.

11. Disability Advocates, Inc. does business as and files this Complaint under the name Disability Rights New York.

12. At all times relevant to this action, DRNY has been and is the statewide Protection and Advocacy ("P&A") agency designated by the Governor of the State of New York to protect and advocate for persons with disabilities.

13. DRNY is a part of a nationwide network of disability rights systems authorized to (1) investigate incidents of abuse and neglect of persons with disabilities; (2) pursue administrative, legal, and other appropriate remedies on their behalf; and (3) provide technical assistance, information, and referrals relating to programs and services addressing the needs of persons with disabilities.

14. DRNY has authority under federal law to gain broad access to facilities operated by New York State, individuals, and their records in order to detect, investigate, and prevent abuse and neglect or rights violations of individuals with disabilities.

15. DRNY is allotted federal funds pursuant to the P&A Acts, and is thereby obligated to provide protection and advocacy for persons with disabilities who reside in DOCCS's facilities.

**B. Defendants**

16. Defendant DOCCS is established pursuant to New York Correction Law § 5.

17. Defendant DOCCS is located at The Harriman State Campus, Building 2, 1220 Washington Avenue, Albany, New York 12226.

18. Defendant Anthony J. Annucci is the Acting Commissioner of DOCCS.

19. Defendant Annucci is responsible for the operation and administration of DOCCS. New York Correction Law § 70(3)(a) and § 70(7)-(8).

20. Defendant Annucci maintains offices at The Harriman State Campus, Building 2, 1220 Washington Avenue, Albany, New York 12226.

21. Defendants (collectively Defendant DOCCS and Defendant Annucci) manage and operate correctional facilities in New York State. New York State Correction Law § 70.

22. Defendants' correctional facilities are "facilities" as defined in the PAIMI Act. 42 U.S.C. § 10802(3).

23. Defendants' correctional facilities are "locations" under the DD Act as their facilities provide services, supports, and other assistance to individuals with disabilities, including the individuals who are referred to in this Complaint. 42 U.S.C. § 15043(a)(2)(H).

24. Defendants' correctional facilities are "service providers" under the DD Act because they are locations where services, supports, and other assistance are provided to persons with disabilities. 42 U.S.C. § 15043(a)(2)(H).

25. Defendant DOCCS confines individuals with disabilities in its correctional facilities.

26. Individuals in DOCCS' custody receive care, treatment, services, supports, and habilitation including, but not limited to: screening, evaluation, counseling, behavioral therapies, medication treatment and supervision, assistive devices, and special education services.

## IV. FACTS

### A. Relevant Statutes and Regulations

27. The P&A Acts authorize the designated P&A system to have access to records of persons with disabilities.

28. As the designated P&A system for the State of New York, DRNY's authority to access records includes, but is not limited to:

   a. All records any individual with a developmental disability, mental illness, or any other disability[1] who have authorized DRNY to access their records. 42 U.S.C. §§§ 15043(a)(2)(I)(i); 10805(a)(4)(A); and 3004(a).

   b. All records of any individual with a developmental disability, mental illness, or any other disability if: (1) the individual cannot authorize access due to his or her mental or physical state; (2) the individual does not have a legal guardian or legal representative; and (3) DRNY has received a complaint about the individual's treatment or DRNY has determined there is probable cause to believe said individual has been subject to abuse or neglect. 42 U.S.C. §§ § 15043(a)(2)(I)(ii); 10805(a)(4)(B); 3004(a); and

   c. All records of an individual with a developmental disability, mental illness, or any other disability who has died. 42 U.S.C. §§§ 15043(a)(2)(J)(ii)(II); 10805(a)(4)(B); and 3004(a).

29. DRNY is entitled to access draft or final documents, including handwritten notes, electronic files, photographs, or video or audio tape records. 42 C.F.R. § 51.41(c); 45 C.F.R. § 1326.25(b); 29 U.S.C. § 3004(a).

30. The P&A Acts' access authority allows DRNY access to reports and records prepared by an agency charged with investigating incidents of abuse, neglect, injury, or death

---

[1] The PAAT Act extends the P&A system's records access authority to all people with disabilities. Through the PAAT Act, a P&A system has the same authority to access records and facilities as set forth in the DD Act, respective of the programs' mandates. 29 U.S.C. § 3004(a).

of an individual with a developmental disability or a mental illness, or any other disability. 42 U.S.C. § 10806(b)(3); 15043(c)(2); and 29 U.S.C. § 3004(a).

31. DRNY is entitled, pursuant to the P&A Acts and its implementing regulations, access to the following records maintained by DOCCS:

    a. documents regarding the steps taken to investigate the incidents;

    b. reports and records, including personnel records;

    c. supporting information that was relied upon in creating a report, including all information and records used and reviewed in preparing reports;

    d. records that describe persons who were interviewed;

    e. physical and documentary evidence that was reviewed; and

    f. related investigative findings. 42 C.F.R. § 51.41; 45 C.F.R. § 1326.25.

32. Under the DD and PAAT Acts[2], DRNY must have access to records within three business days after "receipt of such a written request" for records or in the case of records pertaining to a deceased individual, within 24 hours of the written request for records. 42 U.S.C. § 15043(a)(2)(J)(i)-(ii); 45 C.F.R. § 1326.25(c)-(d); 29 U.S.C. § 3004(a).

33. The PAIMI Act's implementing regulations require that access to these records be provided promptly. 42 C.F.R. § 51.41(a), (e).

34. If DRNY's access to records is delayed or denied, DRNY must be provided with a written statement of reason for the delay or denial. 42 C.F.R. § 51.43; 45 C.F.R. § 1326.26; and 29 U.S.C. § 3004(a).

---

[2] PAAT Act's records access authority provision cross-references the DD Act for records access authority, however, is not limited in scope to the records of people with developmental or intellectual disabilities. 29 U.S.C. § 3004(a)(2).

**B. Defendants' Failure to Provide Access to Records**

*1. A's Records[3]*

35. A, an individual with a physical disability in DOCCS' custody, requested legal assistance from DRNY.

36. A executed an authorization for DRNY to access his records.

37. By letter dated January 4, 2021 and sent by e-mail, DRNY submitted a P&A records request for the records of A in copy format.

38. DRNY provided assurance of payment to Defendants.

39. DRNY requested that Defendants notify DRNY if additional information was needed to enable retrieval of the records for copying.

40. DRNY provided Defendants with a signed authorization for release of health information pursuant to the Health Insurance Portability and Accountability Act ("HIPAA") (OCA official form No. 960) with its January 4, 2021 records request.

41. By letter dated January 7, 2021 and sent by e-mail from Ms. Cathy Y. Sheehan, Acting Deputy Commissioner and Counsel, Defendants denied DRNY's P&A records request of A.

42. The January 7, 2021 letter from Ms. Sheehan stated that due to COVID-19 pandemic "visitation to facilities statewide have been temporarily suspended" and that "[DOCCS] will resume the previous practice of your office obtaining documents through in person review of marking the pages to be copied at the time of inspection when it is safe to do so."

---

[3] DRNY refers to each individual in DOCCS' custody identified in this Complaint by pseudonym, with names and identification numbers for each pseudonym filed under seal upon leave of this Court.

43. By email dated January 7, 2021, DRNY advised DOCCS and copied Defendants' Counsel in the two related cases (Docket No. 1:18-cv-00980 and 1:20-cv-01487) that it was not seeking physical access to the records but the records in copy format. DRNY again advised Defendants that if additional information was needed to enable retrieval of the records for copying, to notify DRNY.

44. Defendants did not respond to DRNY's email dated January 7, 2021, nor did they contact DRNY for additional information or clarification regarding the records that DRNY was seeking in copy format.

45. Defendants' Counsel responded to DRNY's email dated January 7, 2021, copying Defendants that this Court "specifically stated in its Decisions that written demands for documents were not contemplated under the statutes and regulations."

46. On January 27, 2021, Plaintiff counsel notified Defense counsel that Defendants failed to provide copies of the requested records of A, and reminded that DRNY does not seek physical access to the requested records.

47. On June 21, 2021, Plaintiff sent a letter to Defendants requesting they provide the requested records of A in an attempt to avoid filing this complaint.

48. As of the date of this filing, DRNY has not received copies of the requested records of A.

## 2. B's Records

49. B, an individual with a developmental disability in DOCCS' custody, requested legal assistance from DRNY.

50. B executed an authorization permitting DRNY to access his records.

51. By letter dated January 7, 2021 and sent by e-mail, DRNY submitted a P&A records request for records in copy format from B's correctional alternative rehabilitation ("CAR") file.

52. DRNY provided assurance of payment to Defendants.

53. DRNY requested that Defendants notify DRNY if additional information was needed to enable retrieval of the records for copying.

54. DRNY provided Defendants with the authorizations signed by B with its records request: an authorization for release of health information pursuant to the Health Insurance Portability and Accountability Act ("HIPAA") (OCA official form No. 960), an authorization for the release of mental health information (OMH 11C), and a general release authorizing Defendants to share information and documents with DRNY.

55. By letter dated January 11, 2021 and sent by e-mail from Ms. Cathy Y. Sheehan, Acting Deputy Commissioner and Counsel, DOCCS denied DRNY's P&A records request of B.

56. The January 11, 2021 letter stated that due to COVID-19 pandemic "visitation to facilities statewide have been temporarily suspended" and "[DOCCS] will resume the previous practice of your office obtaining documents through in person review of marking the pages to be copied at the time of inspection when it is safe to do so."

57. Defendants did not request additional information or clarification regarding the requested records that DRNY was seeking in copy format.

58. On January 27, 2021, Plaintiff counsel notified Defense counsel that Defendants failed to provide copies of the requested records of B, and reminded that DRNY does not seek physical access to the requested records.

59. On June 21, 2021, Plaintiff sent a letter to Defendants requesting they provide the requested records of B in an attempt to avoid filing this complaint.

As of the date of this filing, DRNY has not received copies of the requested records of B.

### 3. C's Records

60. C, an individual with a mental illness in DOCCS' custody, requested legal assistance from DRNY.

61. C executed the required authorization permitting DRNY to access his records.

62. By letter dated January 11, 2021 and sent by e-mail, DRNY submitted a P&A records request for records in copy format from C's file.

63. DRNY provided assurance of payment to Defendants.

64. DRNY requested that Defendants notify DRNY if additional information was needed to enable retrieval of the records for copying.

65. DRNY provided Defendants with a signed authorization for release of health information pursuant to the Health Insurance Portability and Accountability Act ("HIPAA") (OCA official form No. 960) with its January 11, 2021 records request, permitting DRNY access to his records.

66. By letter dated January 14, 2021 and sent by e-mail from Ms. Cathy Y. Sheehan, Acting Deputy Commissioner and Counsel, Defendants denied DRNY's records request of C.

67. The letter dated January 14, 2021 stated that due to COVID-19 pandemic "visitation to facilities statewide have been temporarily suspended." Ms. Sheehan further advised DRNY that "[DOCCS] will resume the previous practice of your office obtaining documents through in person review of marking the pages to be copied at the time of inspection when it is safe to do so."

68. Defendants did not request additional information and/or clarification regarding the requested records that DRNY was seeking in copy format.

69. On January 27, 2021, Plaintiff counsel notified Defense counsel that Defendants failed to provide copies of the requested records of C, and reminded that DRNY does not seek physical access to the requested records.

70. On June 21, 2021, Plaintiff sent a letter to Defendants requesting they provide the requested records of C in an attempt to avoid filing this complaint.

As of the date of this filing, DRNY has not received copies of the requested records of C.

## V. PLAINTIFF'S CLAIMS

### FIRST CLAIM FOR RELIEF
### BASED ON VIOLATION OF THE DD ACT,
### IMPLEMENTING REGULATIONS AND
### 42 U.S.C. § 1983

71. Plaintiff repeats and re-alleges each and every allegation above as if fully set forth herein.

72. Defendants' refusal to provide requested records to DRNY violates the DD Act and its implementing regulations. 42 U.S.C. § 15043(a) and 45 C.F.R. § 1326.25.

73. Defendants have acted under color of state law to deprive DRNY of its federal rights under the DD Act.

74. Defendants' violation of the DD Act and its implementing regulations frustrates and interferes with DRNY's federal mandate to protect people with disabilities in New York State; investigate allegations of abuse and neglect; provide legal advocacy for people with disabilities; determine whether an investigation by DRNY should be conducted; and determine whether corrective action should be taken.

75. DRNY is entitled to relief under 42 U.S.C. § 15043(a)(2)(i) and 42 U.S.C. § 1983.

76. DRNY is entitled to recover its attorney fees, costs and expenses in this action pursuant to 42 U.S.C. § 1988.

## SECOND CLAIM FOR RELIEF
## BASED ON VIOLATION OF THE PAAT ACT,
## AND ITS IMPLEMENTING REGULATIONS
## 29 U.S.C. § 3002

77. Plaintiff repeats and re-alleges each and every allegation above as if fully set forth herein.

78. Defendants' refusal to provide records as designated by law to DRNY violates the PAAT Act and its implementing regulations. 29 U.S.C. § 3002 et. seq.

79. Defendant has acted under color of state law to deprive DRNY of federal rights under the PAAT Act. *Id.*

80. Defendants violation of the PAAT Act frustrates and interferes with DRNY's federal mandate to protect people with disabilities in New York State; investigate allegations of abuse and neglect; provide legal advocacy for people with disabilities; determine whether an investigation by DRNY should be conducted; and determine whether corrective action should be taken.

81. DRNY is entitled to relief under 29 U.S.C. § 3001(12)(A) and 42 U.S.C. § 1983.

82. DRNY is entitled to recover its attorneys' fees, costs, and expense in this action pursuant to 42 U.S.C. § 1988.

## THIRD CLAIM FOR RELIEF
## BASED ON VIOLATION OF THE PAIMI ACT,
## IMPLEMENTING REGULATIONS AND
## 42 U.S.C. § 1983

83. Plaintiff repeats and re-alleges each and every allegation above as if fully set forth herein.

84. Defendants' refusal to promptly provide the requested records to DRNY violates the PAIMI Act and its implementing regulations. 42 U.S.C. § 10805(a), 42 U.S.C. § 10806, and 42 C.F.R. § 51.41.

85. Defendants have acted under color of state law to deprive DRNY of its federal rights under the PAIMI Act.

86. Defendants violation of the PAIMI Act and its implementing regulations frustrates and interferes with DRNY's federal mandate to protect people with disabilities in New York State; investigate allegations of abuse and neglect; provide legal advocacy for people with disabilities; determine whether an investigation by DRNY should be conducted; and determine whether corrective action should be taken.

87. DRNY is entitled to relief under 42 U.S.C. § 10805(a)(1)(B) and 42 U.S.C. § 1983.

88. DRNY is entitled to recover its attorney fees, costs and expenses in this action pursuant to 42 U.S.C. § 1988.

WHEREFORE, Plaintiff respectfully requests the following relief:

(1) Enter a declaratory judgment that Defendants have violated Plaintiff's rights under the P&A Acts, and 42 U.S.C. § 1983 by:

a. Failing to provide timely access to records requested under P&A authority; and

b. Failing to provide DRNY with access to records.

(2) Grant a preliminary injunction ordering Defendants to provide Plaintiff with the requested records of Incarcerated Individuals A, B and C, pursuant to its federally mandated P&A authority;

(3) Grant a permanent injunction ordering Defendants to provide timely access to all future records requests made by Plaintiff pursuant to its federally mandated P&A authority;

(4) Retain jurisdiction over this action to ensure Defendants comply with the mandates of the P&A Acts;

(5) Award of attorney's fees and costs pursuant to 42 U.S.C. § 1988; and

(6) Order any other relief as the Court deems appropriate.

Dated: June 28, 2021                    Respectfully submitted,

                                        /s/ Brandy L. L. Tomlinson

                                        DISABILITY RIGHTS NEW YORK
                                        Brandy L. L. Tomlinson, Bar Roll # 519794
                                        Alyssa Galea
                                        Christina Asbee
                                        44 Exchange Boulevard, Suite 110
                                        Rochester, New York 14614
                                        (518) 432-7861
                                        (585) 348-9823 (fax) (not for service)