UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

DISABILITY RIGHTS NEW YORK,

Plaintiff,

v. 1:21-CV-0739 (GTS/CFH)

NEW YORK STATE DEP'T OF CORR. AND CMTY. SUPERVISION; and ANTHONY J. ANNUCCI, in his official capacity as the Acting Comm'r of the New York State Dep't of Corr. and Cmty. Supervision,

Defendants.

---

APPEARANCES: OF COUNSEL:

DISABILITY RIGHTS NEW YORK
Counsel for Plaintiff
44 Exchange Boulevard, Suite 110
Rochester, New York 14614

BRANDY L. L. TOMLINSON, ESQ.
ALYSSA GALEA, ESQ.
JESSICA LOUISE RICHWALDER, ESQ.

HON. LETITIA A. JAMES
Attorney General for the State of New York
Counsel for Defendants
The Capitol Assistant Attorneys General
Albany, New York 12224

HELENA O. PEDERSON, ESQ.
JENNIFER J. CORCORAN, ESQ.
ADRIENNE J. KERWIN, ESQ.

GLENN T. SUDDABY, United States District Judge

**DECISION and ORDER**

Currently before the Court, in this civil rights action filed by Disability Rights New York ("Plaintiff" or "DRNY") against the New York State Department of Corrections and Community Supervision ("DOCCS") and its Acting Commissioner, Anthony Annucci (collectively, "Defendants"), are Plaintiff's motion summary judgment and Defendants' motion for summary judgment. (Dkt. Nos. 81 and 83.) For the reasons set forth below, Plaintiff's motion is denied and

Defendants' motion is granted in part and denied in part.

## I. RELEVANT BACKGROUND

For the sake of brevity, the Court will not recite in detail the claims and factual allegations of Plaintiff's Amended Complaint and the relevant procedural background of this action in this Decision and Order, which is intended primarily for the review of the parties, who had have (in their motion papers) demonstrated an adequate accurate understanding of that information. Rather, the Court will respectfully refer the reader to the background sections of the Court's Decisions and Orders of February 17, 2022, January 17, 2024, and September 8, 2025 (Dkt. Nos. 28, 42, and 73).

## II. PARTIES' ARGUMENTS ON THEIR MOTIONS

### A. Plaintiff's Motion for Summary Judgment

#### 1. Plaintiff's Opening Memorandum of Law

Generally, in support of its motion, Plaintiff asserts four arguments. (Dkt. No. 81, Attach. 1.) First, Plaintiff argues, it is entitled to summary judgment on its claims under the P&A Acts, because (1) Defendants have violated the P&A Acts by depriving Plaintiff of its right to access to unredacted copies of the records of Individual C, as recognized in *Disability Rights New York v. Wise*, 171 F. Supp. 3d 54, 59 (N.D.N.Y. 2016), and (2) in deciding whether to award Plaintiff summary judgment on its claims under the P&A Acts, the Court should take judicial notice of the record evidence warranting the Cour's prior ruling that a pandemic or other state or national emergency is not a permissible reason to delay Plaintiff timely access to records under the P&A Acts. (*Id.* at 9-14 [attaching pages "8" through "13" of Plf.'s Memo. of Law].)[1]

[1] The Court notes that page citations in this Decision and Order refer to the screen numbers on the Court's Case Management / Electronic Case Filing ("CM/ECF") System, not to the page

Second, Plaintiff argues, it is entitled to summary judgment on its claims under 42 U.S.C. § 1983, because it is undisputed that Defendant Annucci, in his capacity as DOCCS' Acting Commissioner, acted under color of state law when he maintained DOCCS' unlawful policies that deprived Plaintiff of its federal right statutory right to prompt access to copies of records (in order to pursue its mandate to protect and advocate for people with disabilities in New York State). (*Id.* at 14.)

Third, Plaintiff argues, it is entitled to declaratory relief, because (a) 28 U.S.C. § 2201, regardless of whether further relief is or could be sought, the Court may declare the rights and other legal relations of any interested party where the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, or where it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding, and (b) here, because DOCCS has wrongfully refused DRNY access to the unredacted of Individual C without disclosing in discovery supporting facts of its undefined and speculative security concerns (in Defendants' letter-brief of August 1, 2022), the dispute between the parties turns purely on the meaning of the relevant statutes and regulations. (*Id.* at 15.)

Fourth, Plaintiff argues, it is entitled to a permanent injunction, because (a) it lacks an adequate remedy at law (other than an injunction granting DRNY access to unredacted records in copy format as provided under the P&A Acts and Access Regulations), given that DOCCS has wrongfully refused Plaintiff access to the unredacted of Individual C without disclosing in discovery supporting facts of its undefined and speculative security concerns, and (b) DOCCS has caused Plaintiff irreparable harm by refusing to provide, and continuing to deny access to, the unredacted records of Individual C (namely, the OSI records), and thus interfering with

---

numbers stated on the documents contained therein.

Plaintiff's mandate to investigate incidents of abuse and neglect of individuals with disabilities and provide advocacy services. (*Id.* at 15-16.)

**2. Defendants' Opposition Memorandum of Law**

Generally, in their opposition memorandum of law, Defendants asserts three arguments. (Dkt. No. 89.) First, Defendants argue, Plaintiff is not entitled to summary judgment finding that Defendant violated the PA&A Acts by producing a redacted record for the following reasons: (a) on pages 8 and 9 of its Decision and Order of January 17, 2024 (denying Plaintiff's motion for contempt), the Court already found that "it did not intend the original preliminary injunction to require the disclosure of the redacted information in question" (which consisted of a document regarding Individual C that contained a single redaction of the name and DIN of a third-party confidential OSI witness); (b) on page 10 of that Decision and Order, the Court also found that "Defendants articulated and offered admissible record evidence of three reasons for the discrete redactions in question," in particular, Paragraphs 13 and 14 of the declaration of DOCCS Deputy Chief Investigator Shawn Mousseau; (c) on page 8 of that Decision and Order, the Court found that "*Wise* is not controlling and in any event is factually distinguishable from the current action" because *Wise* addressed the withholding of "heavily" redacted records of residents in group homes, not inmates in correctional facilities, by a defendant that failed to articulate a plausible reason for its discrete redactions; and (d) finally, on page 10 of that Decision and Order, the Court alternatively found that, even if those reasons were inadequate, the relevant PAIMI regulations uses the word "describe", not "identify. (*Id.* at 6-7.)

Second, Defendants argue, Plaintiff is not entitled to summary judgment on its claims under 42 U.S.C. § 1983 for the following reasons: (a) Plaintiff's Section 1983 claims against Defendant DOCCS should be dismissed because, without a State's consent or waiver of the

immunity provided under the Eleventh Amendment, a suit against the State or a State agency or department is proscribed by the Eleventh Amendment, and here Section 1983 claims do not abrogate the Eleventh Amendment immunity of the states; (b) in any event, States, including the agencies of those states, are not "persons" within the meaning of Section 1983; and (c) Plaintiff's Section 1983 claims against Defendant Martuscello should also be dismissed because, given that Martuscello is sued in his official capacity only, at best Plaintiff is entitled to prospective injunctive relief against him if Plaintiff has shown an ongoing violation of federal law seeking relief properly characterized as prospective (and here there is no ongoing violation of federal law and anyway New York Law now imposes more stringent requirements upon DOCCS than those imposed by the PA&A Acts). (*Id*. at 7-8.)

Third, Plaintiffs are not entitled to declaratory or injunctive relief for the following reasons: (a) even if general equitable principles permitted issuance of a declaratory judgment here premised solely upon Defendants' past conduct, the Eleventh Amendment bars a claim against Defendants for non-prospective relief (e.g., premised solely upon Defendants' past conduct); (b) while a limited exception to Eleventh Amendment immunity exists in the context of ongoing violations, that exception is not applicable in this case, because Plaintiff does not claim—and certainly cannot establish – any ongoing violation of law to empower the Court to issue injunctive or declaratory relief as against Defendants; (c) Defendants have provided Plaintiff with all disputed documents in compliance with the Court's Preliminary Injunction Order; and (d) the matter is moot in that it is impossible for the circumstances that gave rise to it to recur, because of the intervening change in law in New York State (on March 26, 2022), which governs future access to records as between DOCCS and Plaintiff. (*Id*. at 11-14.)

**3. Plaintiff's Reply Memorandum of Law**

Generally, it its reply memorandum of law, Plaintiff asserts three arguments. (Dkt. No. 90.) First, Plaintiff argues, its claims are not moot for the following reasons: (a) DOCCS has not abandoned its redaction policy but has continued to redacting records in violation of the P&A Acts and precedent (including *Wise*); and (b) despite receiving the Court's favorable Preliminary Injunction Order, Plaintiff remains harmed by DOCCS' refusal to abandon its redaction policy, because the withholding of witness names prevents Plaintiff from investigating an allegation of abuse and/or neglect. (*Id*. at 3-5.)

Second, Plaintiff argues, it is entitled to relief under the Eleventh Amendment and 42 U.S.C. § 1983, because (a) prospective injunctive relief is appropriate against a state actor in instances when past behaviors are likely to continue, to the detriment of Plaintiff, (b) DOCCS' unwillingness to produce the unredacted OSI records of Individual C constitutes an ongoing violation of law, and (c) Plaintiff also requests permanent prospective injunctive relief enjoining DOCCS from withholding copies of requested records due to a public health emergency or pandemic and requiring DOCCS to produce the records timely as required by the P&A Act. (*Id*. at 5-8.)

Third, Plaintiff argues, New York State's P&A Records Access Law does not moot Plaintiff's right to access records under the federal P&A Acts, because (a) while the state law provides Plaintiff access to records, it does not negate its right to access records under the P&A Acts, (b) furthermore, the NYS P&A Records Access law does not permit redaction of records to the P&A system. (*Id*. at 8-9.)

**B. Defendants' Motion for Summary Judgment**

**1. Defendants' Opening Memorandum of Law**

Generally, in support of their motion, Defendants asserts three arguments. (Dkt. No. 83,

Attach. 9.) First, Defendants argue, this matter is moot in that Plaintiff received all of the relief it requested or to which it could be entitled (including on its injunctive relief claims and declaratory judgment claims), because of (a) the Court's Decision and Order of February 17, 2022, granting Plaintiff's motion for a preliminary injunction, (b) DOCCS' subsequent production of records and documents in this matter, and (c) the Court's Decision and Order of January 17, 2024, denying Plaintiff's motion for contempt (*Id*. at 8-9.)

Second, Defendants argue, alternatively, this matter is moot because (a) DOCCS' future responses to Plaintiff's requests for records are governed by an intervening change of controlling law (specifically, P&A Records Access Law, which became effective on March 26, 2022), and (b) the New York State law imposes on DOCCS stricter requirements than does the P&A Acts (by requiring DOCCS to provide copies of records within three business days of the date such records are requested without any charge for such copies, requiring the provision of records within 24 hours under certain circumstances, and requiring the provision of records in electronic form where such records are so maintained by DOCCS). (*Id*. at 9-11.)

Third, Defendants argue, at the very least, they are entitled to summary judgment on Plaintiff's declaratory judgment claim against the State because (a) that claim seeks retrospective relief only, and (b) the Eleventh Amendment bars a claim against the State for non-prospective relief. (*Id*. at 12-14.)

**2. Plaintiff's Opposition Memorandum of Law**

Generally, in its opposition memorandum of law, Plaintiff asserts three arguments. (Dkt. No. 88.) First, Plaintiff argues, its P&A claims are not moot for the following reasons: (a) DOCCS has not abandoned its redaction policy, because it has continued to redacting records in violation of the P&A Acts and precedent (including *Wise*); and (b) Plaintiff remains harmed by

DOCCS' refusal to abandon its redaction policy, because the withholding of witness names prevents Plaintiff from investigating an allegation of abuse and/or neglect. (*Id*. at 4-6.)

Second, Plaintiff argues, the New York State P&A Records Access Law does not moot Plaintiff's right to access records under the federal P&A Acts, because (a) while the state law provides Plaintiff access to records, it does not negate its right to access records under the P&A Acts, (b) furthermore, the NYS P&A Records Access law does not permit redaction of records to the P&A system. (*Id*. at 6-7.)

Third, Plaintiff argues, it is entitled to a permanent injunction, because (a) the Court has previously advised the parties that its preliminary injunction order did not require DOCCS to disclose the unredacted records in question, (b) without an order from this Court that states that the redactions in question violate the P&A Acts, DOCCS will continue to engage in its redaction policy, forcing DRNY to continue to litigate the matter, and (c) without a permanent injunction, DOCCS will again withhold or delay access to copies of requested records if there is another public health emergency or pandemic. (*Id*. at 7-10.)

**3. Defendants' Reply Memorandum of Law**

Generally, in their reply memorandum of law, Defendants assert three arguments. (Dkt. No. 91.) First, Defendants argue, they did not violate the P&A Acts by redacting the name and DIN of a third-party confidential OSI witness for the following reasons: (a) in its Decision and Order of January 17, 2024 (denying Plaintiff's motion for contempt), the Court found that "to the extent that Plaintiff demands a ruling as a matter of law that the P&A Acts require a blanket disclosure of the names and DINs of non-client confidential OSI witnesses in a prison, Plaintiff has shown no cause for such a ruling," that the Court did not intend its preliminary injunction to require the disclosure of the redacted information in question, and that "Defendants articulated

and offered admissible record evidence of three reasons for the discrete redactions in question"; and (b) Defendants attempted to negotiate a consent stipulation with Plaintiff to resolve this discrete issue, but Plaintiff's refused to negotiate in good faith. (*Id*. at 3-4.)

Second, Defendants argue, Plaintiff's claims are moot because, as previously argued, the New York State law imposes on DOCCS stricter requirements than does the P&A Acts (by requiring DOCCS to provide copies of records within three business days of the date such records are requested without any charge for such copies, requiring the provision of records within 24 hours under certain circumstances, and requiring the provision of records in electronic form where such records are so maintained by DOCCS). (*Id*. at 4-6.)

Third, Defendants argue, Plaintiff is not entitled to a permanent injunction, because any injunctive relief a court could order in this circumstance would be, effectively, no more than an "obey-the-law" injunction, which would be patently inappropriate. (*Id*. at 6.)

## II. PARTIES' STATEMENTS OF UNDISPUTED MATERIAL FACTS

### A. Plaintiff's Rule 56.1 Statement of Undisputed Material Facts

Protection and Advocacy System

1. In 2000, Congress enacted the Developmental Disabilities Assistance and Bill of Rights Act ("DD Act"). 42 U.S.C. §§ 15001-15083.

2. A state that receives federal funds under the DD Act must establish a Protection and Advocacy ("P&A") System for persons with disabilities.

3. In 1986, Congress enacted the Protection and Advocacy for Individuals with Mental Illness Act ("PAIMI Act"). 42 U.S.C. §§ 10801-10827.

4. A state that receives federal funds under the PAIMI Act must establish a P&A System for individuals with mental illness.

5. The United States Department of Health and Human Services has promulgated regulations interpreting the DD and PAIMI Acts and governing activities carried out by P&A Systems, including P&A systems' access to records. 42 C.F.R. § 51.41; 45 C.F.R. § 1386.25.

Plaintiff

6. The State of New York has established a P&A System.

7. Disability Advocates, Inc., is an independent non-profit corporation organized under the laws of the State of New York. It does business and has sued under the name Disability Rights New York.

8. At all times relevant to this action, DRNY has been and is the statewide P&A system designated by the Governor of the State of New York to protect and advocate for the legal and civil rights of people with disabilities in the State of New York.

Defendants

9. Defendant Anthony J. Annucci was the Acting Commissioner of the New York State Department of Corrections and Community Supervision ("DOCCS"). Daniel F. Martuscello III assumed oversight of the Department as Acting Commissioner on June 9, 2023, and was confirmed as the Commissioner on May 23, 2024.

10. DOCCS is an agency within the New York State Executive Department.

11. DOCCS is the state agency charged with operating correctional facilities, including housing inmates with disabilities (although incarcerated individuals with mental/psychological disabilities may also be housed by the Office of Mental Health).

DRNY's Requests for Records from DOCCS Regarding Individual A

12. DRNY received a request for legal assistance from Individual A ("A"), an individual with a physical disability in Defendants' custody.

13. On January 4, 2021, DRNY submitted a P&A records request with A's authorization to Defendants via email for copies of A's records.

14. On January 7, 2022, DOCCS' Acting Deputy Commissioner and Counsel, Ms. Cathy Y. Sheehan, responded to the records request in a letter sent via email.

15. Ms. Sheehan's letter stated that due to COVID-19 pandemic "visitation to facilities statewide have been temporarily suspended" and that Defendants "will resume the previous practice of your office obtaining documents through in person review of marking the pages to be copied at the time of inspection when it is safe to do so."

16. On January 7, 2021, DRNY replied to Ms. Sheehan via email stating that DRNY was seeking copies of the records specified in the request letter and was not seeking physical access to the records.

17. DOCCS provided DRNY with copies of the requested records of A on March 25, 2022, after a preliminary injunction was ordered by this Court.

DRNY's Requests for Records from DOCCS Regarding Individual B

18. DRNY received a request for legal assistance from Individual B ("B"), an individual with a developmental disability in Defendants' custody.

19. On January 7, 2021, DRNY submitted a P&A records request with B's authorization to Defendants via email for copies of B's records.

20. On January 12, 2021, DOCCS' Acting Deputy Commissioner and Counsel, Ms. Cathy Y. Sheehan, responded to the records request in a letter sent via email.

21. Ms. Sheehan's letter stated that due to COVID-19 pandemic "visitation to facilities statewide have been temporarily suspended" and that Defendants "will resume the previous practice of your office obtaining documents through in person review of marking the

pages to be copied at the time of inspection when it is safe to do so."

22. On January 27, 2021, DRNY emailed Defendants stating again that physical access to the records was not being sought.

23. On June 21, 2021, DRNY sent another letter to the Defendants regarding the requested copies of B's records.

24. DOCCS provided DRNY with copies of the requested records on March 25, 2022, after a preliminary injunction was ordered by this Court.

<u>DRNY's Requests for Records from DOCCS Regarding Individual C</u>

25. DRNY received a request for legal assistance from Individual C ("C"), an individual with a mental illness in Defendants' custody.

26. On January 11, 2021, DRNY submitted a P&A records request with C's authorization to Defendants via email for copies of C's records.

27. On January 14, 2021, DOCCS' Acting Deputy Commissioner and Counsel, Ms. Cathy Y. Sheehan, responded to the records request in a letter sent via email.

28. Ms. Sheehan's letter stated that due to COVID-19 pandemic "visitation to facilities statewide have been temporarily suspended" and that Defendants "will resume the previous practice of your office obtaining documents through in person review of marking the pages to be copied at the time of inspection when it is safe to do so."

29. On January 27, 2021, DRNY emailed Defendants stating that physical access to the records was not being sought.

30. On June 21, 2021, DRNY sent another letter to Defendants regarding the requested copies of C's records.

31. DOCCS provided DRNY with copies of the requested records on March 25, April

15, and May 17, 2022, after a preliminary injunction was ordered by this Court.

32. The records provided on May 17, 2022, contained the redaction of the name and DIN number of one confidential third-party DOCCS Office of Special Investigation ("OSI") witness.[2]

33. Pursuant to this Court's suggestion, the parties attempted to negotiate an agreement as the OSI records but were unable to reach one.

34. DOCCS continues to deny access to the unredacted records of Individual C.

**B. Defendants' Rule 56.1 Statement of Undisputed Material Facts**

Plaintiff's Requests and DOCCS' Responses

1. Plaintiff Disability Rights New York ("DRNY") filed the current case on June 28, 2021, challenging DOCCS's provision of records related to three incarcerated persons, referred to here as Individual A, Individual B, and Individual C.

2. DRNY requested record access with respect to Individual A by correspondence transmitted to DOCCS via email on January 4, 2021 (the Individual A Request).

3. Before DOCCS received the Individual A Request, DOCCS's practice upon receiving records requests from DRNY had been (at least for some period of time) to send correspondence to DRNY providing information as to when the records would be available for DRNY to access at a DOCCS facility.[3]

---

[2] (Dkt. No. 33, at 1 [Plf.'s Letter-Motion for a Court Conference]; Dkt. No. 42, at 2; *compare* Dkt. No. 39, Attach. 3, at 2 [attaching email from defense counsel characterizing the "single area of disagreement between the parties" as relating to "a single redaction of personal identifying information of non-client third parties . . ."] [emphasis in original] *with* Dkt. No. 83, Attach. 1, at ¶ 22 [Shkolnick Decl., stating that "the May 17, 2022 production contained one redaction of a confidential third party OSI witness' name and DIN number"].)

[3] In its partial denial to the above-stated fact, Plaintiff points to record evidence that, when

4. Due to the continuing COVID-19 pandemic in January 2021, DOCCS was not then permitting in-person access to its facilities.[4]

5. Accordingly, on January 7, 2021, Cathy Y. Sheehan, then DOCCS Acting Deputy Commissioner and Counsel, responded to the Individual A Request by letter transmitted via email.

6. Ms. Sheehan's January 7, 2021 letter stated that, "as a result of the significant increase in COVID-19 infections, visitations to facilities are temporarily suspended statewide. . . . [W]e will resume the previous practice of your office obtaining copies of documents through in person review of marking the pages to be copied at the time of inspection when it is safe to do so."

7. In response to DOCCS's January 7, 2021 correspondence, DRNY counsel emailed DOCCS and stated that, contrary to prior practice, it was not requesting physical access to records but instead was seeking copies of those records.

8. Consistent with its understanding that the P&A Acts did not contemplate written demands for documents, DOCCS did not provide copies of records for Individual A at that time.

9. DRNY requested access to records on behalf of Individual B by correspondence

---

it litigated a similar matter in 2018, DOCCS' practice had been to respond to Plaintiff's P&A requests for copies of records by providing copies of the requested records, without requiring Plaintiff to first physically inspect the records before access to copies was provided. (Dkt. No. 88, Attach. 1, at ¶ 3 [citing Paragraphs 21 through 28 of Plaintiff's Statement of Material Facts in DRNY v. DOCCS, 1:18-CV-0980 (N.D.N.Y. filed Dec. 14, 2018)].) As a result, the Court has amended the above-stated fact to add the parenthetical phrase "at least for some period of time."

[4] Although Plaintiff admits merely that "DOCCS advised DRNY [of the above-stated fact] in its response on January 7, 2021" (Dkt. No. 88, Attach. 1, at ¶ 4), the entire above-stated fact has been deemed admitted, because it is supported more than by Cathy Y. Sheehan's letter of January 7, 2021. (Dkt. No. 83, Attach. 10, at ¶ 4 [Defs.' Rule 56.1 Statement, citing Dkt. No. 83, Attach. 1, at ¶ 7 (Shkolnik Decl.)].)

to DOCCS via email on January 7, 2021 (the Individual B Request).

10. On January 11, 2021, then-Acting Deputy Commissioner and Counsel Sheehan sent a letter via email containing the same language set forth above with respect to Individual A.

11. For the same reasons detailed in Exhibit C, DRNY counsel took the position that it was not requesting physical access to records but rather copies of those records.

12. Consistent with its understanding that the P&A Acts did not contemplate written demands for documents, DOCCS did not provide record copies for Individual B at that time.

13. DRNY requested records on behalf of Individual C by correspondence to DOCCS via email on January 11, 2021 (the Individual C Request).

14. On January 14, 2021, then Acting Deputy Commissioner and Counsel Sheehan sent a letter via email containing the same language set forth above with respect to Individual A.

15. For the same reasons detailed in Exhibit C, DRNY counsel took the position that it was not requesting physical access to records but rather copies of those records.

16. Consistent with its understanding that the P&A Acts did not contemplate written demands for documents, DOCCS did not provide record copies for Individual C at that time.

Procedural History

17. On June 28, 2021, Plaintiff filed a motion for preliminary injunction in this matter.

18. On February 17, 2022, this Court granted Plaintiff's motion for a preliminary injunction and issued an Order, holding that Defendants were required to provide copies of documents to Plaintiff, upon written request, and that Plaintiffs were not required first to physically examine and "flag" such records for copying.

19. Following the issuance of the PI Order on February 17, 2022, DOCCS produced the disputed records to DRNY in several batches, in March and April 2022.

20. On May 17, 2022, the last portion of Defendants' document production – which contained OSI records – was provided to Plaintiff via a share link.

21. After Defendants' counsel discovered that an incorrect link (which included attorney-client privileged material) had been provided on May 17, 2022, the records were re-produced to Plaintiff via a new share link on July 11, 2022.

22. Plaintiff disputed one redaction contained in the May 17, 2022 production and, on September 16, 2022, filed a motion for contempt or for amendment to the PI Order.

23. On January 17, 2024, the Court issued a Decision and Order denying the motion for contempt or for amendment in its entirety.

The New York Law

24. On February 24, 2022, New York State Governor Kathy Hochul signed into law Access Bill A8710/S7847 (the New York Law).

25. The New York Law provides that DRNY "shall have prompt access" to: a facility serving an individual represented by DRNY "that is operated, certified or licensed by any office or agency of the state"; as well as to "books, records and data" pertaining to such individual, or to such a facility serving individuals with disabilities.

26. The New York Law also provides that "[c]opies of records shall be provided to [DRNY] free of charge within three business days of receipt of a written request", or within 24 hours in certain circumstances, and that "[w]here records are kept or maintained electronically they shall be provided to [DRNY] electronically . . . ."

27. Finally, the approval memorandum for the Bill states that "if [DRNY's] access is denied or delayed beyond the three day [sic] deadline in the bill, the facilities will provide [DRNY] with a written statement of the reasons for the denials or delays within one business day following the expiration of the deadline."

28. The New York Law became effective as of March 26, 2022.

29. Since the effective date of the New York Law, DOCCS has followed the procedures proscribed therein with respect to the provision of documents to DRNY pursuant to DRNY's requests (with the possible exception of unredacted records of Individual C), and intends to continue to do so.[5]

30. After the Court's Contempt Denial Order of January 17, 2024, Plaintiff requested permission to file a second Motion to Compel and for Contempt, which the Court permitted against its recommendation.

31. The motion was fully submitted on August 20, 2025, and the Court issued a Decision and Order on September 8, 2025, denying the motion, with the exception of permitting deposition of Defendants with regard to limited topics relating to safety and security concerns surrounding Office of Special Investigations records, as well as directing the parties to attempt to determine if an agreement could be reached regarding a confidentiality agreement as to going forward matters.

## IV. ANALYSIS

### A. Plaintiff's Claims Regarding Individuals A and B

[5] In its denial of the above-stated fact, Plaintiff points to record evidence that DOCCS refuses to provide unredacted records of Individual C, which purportedly violates the New York Law. (Dkt. No. 88, Attach. 1, at ¶ 29 [citing, *inter alia*, emails between parties from July 2022].) As a result, the Court has amended the above-stated fact to add the parenthetical phrase "with the possible exception of unredacted records of Individual C."

After careful consideration, Plaintiff's motion for summary judgment regarding its claims against Individual A and B is denied, and Defendants' motion for summary judgment on those claims is granted, for each of the numerous alternative reasons stated in Defendants' memoranda of law. *See, supra,* Parts II.A.2., II.B.1. and II.B.2. of this Decision and Order. To those reasons, the Court adds only two brief points.

First, in rendering these rulings, the Court also relies on, as persuasive authority, *Disability Rights New York v. New York State Office for People With Developmental Disabilities*, 23-CV-3883, 2024 WL 2882727, at *4 (E.D.N.Y. June 7, 2024) (granting defendant's motion to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12[b][1] because "[t]his case is now moot. Defendants have provided the requested documents to Plaintiff" in compliance with the court's previously issued preliminary injunction).

Second, the Court notes the dearth of admissible record evidence adduced by Plaintiff to show that there is a real threat of future noncompliance given either (1) a reasonable expectation that either a pandemic or other state or national emergency will recur, or (2) a reasonable expectation that DOCCS would resume delaying timely access to records under the P&A Acts during that emergency. With regard to this second expectation, the Court notes it is undisputed that DOCCS complied with the Court's preliminary injunction regarding Individuals A and B approximately 36 days of the issuance of the preliminary injunction. *See, supra,* Paragraphs 17 and 24 of Part II.A., and Paragraphs 18 and 19 of Part II.B., of this Decision and Order.

For all of these reasons, Plaintiff's claims regarding Individuals A and B are dismissed without prejudice as moot.

**B. Plaintiff's Claims Regarding Individual C**

The same reasoning as set forth above in Part III.A. of this Decision and Order applies to the bulk of Plaintiff's claims regarding Individual C, given that it is undisputed that – except for the redacted name and DIN number of a confidential third-party OSI inmate witness – DOCCS complied with the Court's preliminary injunction regarding Individual C within 90 days of the issuance of the preliminary injunction. *See, supra,* Paragraphs 31 and 32 of Part II.A., and Paragraphs 18, 19, and 22 of Part II.B., of this Decision and Order. As a result, the bulk of Plaintiff's claims regarding Individual C dismissed without prejudice as moot

Finally, turning to the redacted name and DIN number of a confidential third-party OSI inmate witness, the Court finds as follows. Given Plaintiff's stated intent to "seek to interview any witness to conduct its investigation" (Dkt. No. 41, at 4-5 [attaching pages "3" and "4" of Plf.'s Reply Memo. of Law]; *see also* Dkt. No. 40, at 11 [attaching page "8" Defs.' Opp'n Memo. of Law, characterizing Plaintiff's demand as one "with no advance accounting of how the information provided will be used"]), and given the admissible evidence offered by DOCCS Deputy Chief Investigator Shawn Mousseau regarding the need for confidentiality, the Court must find that Plaintiff does not have a right, under federal law, to access the unredacted name and DIN number of a confidential third-party OSI inmate witness unrestricted by reasonable confidentiality conditions on Plaintiff's interviewing that confidential third-party OSI inmate witness in accordance with Parts IV.C. and V of DOCCS Directive 0700 (entitled "Office of Special Investigations (OSI)").

Here, such reasonable confidentiality restrictions include the following: (a) an agreement by Plaintiff that it will keep the names, DINs, and witness statements of the inmate witness in question confidential in accordance with federal and state law; (b) an agreement by Plaintiff that

it will not contact the inmate witness in question except through OSI; and (c) an agreement by Plaintiff that it will not contact the inmate witness in question if that witness has declined in writing to receive a visit from Plaintiff. (*See, e.g.,* Dkt. No. 73, at 21 n.8, and 22 n.9.)

The confidentiality restrictions imposed by DOCCS' Directive 0700 are restrictions that Plaintiff must comply with. *See* 42 C.F.R. § 51.45(a)(1)(iii) ("The P&A system must . . . keep confidential all records and information . . . pertaining to . . . [i]dentity of individuals who report incidents of abuse or neglect or furnish information that forms the basis for a determination that probable cause exists . . . ."); 45 C.F.R. § 1326.28(b)(1)(iii) ("The P&A system must . . . keep confidential all records and information . . . pertaining to . . . [t]he identity of individuals who report incidents of abuse or neglect, or who furnish information that forms the basis for a determination that probable cause exists . . . .").

Furthermore, this finding is consistent with both *Wise* (which is distinguishable) and other case law (which is analogous). *See Center For Legal Advocacy v. Earnest*, 188 F. Supp. 2d 1251, 1261-63 (D. Colo. 2002) (finding that a state P&A organization is limited in its access to institutional records by the confidentiality requirements imposed in the regulations to the Public Health Service Act), *order rev'd on other grounds*, 320 F.3d 1107, 1109-13 (10th Cir. 2003) (acknowledging the potential conflict between the PHSA's privacy protections and Congress' intent to empower P & A's in the PAMII Act, but finding that an emergency room did not qualify as a drug and alcohol treatment program under the PHSA confidentiality regulations).

Simply stated, the requirement of good faith that attaches to Plaintiff's request for the name and DIN of a confidential third-party OSI inmate witness under the P&A Acts also extends to Plaintiff's attempt to negotiate a reasonable confidentiality agreement with DOCCS regarding

that information. *Cf. Prot. & Advoc. Sys., Inc. v. Freudenthal*, 412 F. Supp.2d 1211, 1220-21 (D. Wy. 2006) ("[T]he parties may use the deadlines in the DD Act as a guideline for requests under the PAIMI Act, *but this approach should reflect a good faith analysis of the nature and extent of the request*. A narrow request for a small number of documents should not require the full three days allowed under the DD Act, while a very broad and time intensive request should be allowed some leeway.") (emphasis added).

So far, Plaintiff's negotiation attempts have lacked good faith. However, Defendants' request for dismissal is premature, because Plaintiff still possesses a right to the redacted information in question if it complies with the above-described reasonable confidentiality restrictions. If it continues to withhold that good faith during its negotiations, however, this portion of Plaintiff's remaining claim regarding Individual C must be dismissed without prejudice for failure to prosecute under Fed. R. Civ. P. 41(b). As a result, the Court will give Plaintiff one final chance (specifically, 120 days)[6] to demonstrate that good faith. After which, the Court will entertain such dismissal.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's motion for summary judgment (Dkt. No. 81) is **DENIED**; and it is further

**ORDERED** that Defendants' motion for summary judgment (Dkt. No. 83) is **GRANTED** with regard to all of Plaintiff's claims **EXCEPT** his claims regarding Individual C to the extent that they regard the unredacted name and DIN of a confidential thirty-party OSI

---

[6] *See* N.D.N.Y. L.R. 42.1(a) ("In the absence of an order by the assigned judge or magistrate judge setting any date for any pretrial proceeding or for trial, the plaintiff's failure to take action for four (4) months shall be presumptive evidence of lack of prosecution. Nothing in this Rule shall preclude any party from filing a motion to dismiss an action or proceeding for failure to prosecute under Fed. R. Civ. P. 41(b).").

inmate witness, which **SURVIVE** Defendants' motion; and it is further

**ORDERED** that, within **ONE HUNDRED AND TWENTY (120) DAYS** from the entry of this Decision and Order, Plaintiff shall **SHOW CAUSE** in writing why its above-stated remaining claims regarding Individual C should not be *sua sponte* **DISMISSED without prejudice** for failure to prosecute under Fed. R. Civ. P. 41(b).

Dated: September 10, 2026
Syracuse, New York

Glenn T. Suddaby
U.S. District Judge